Sallie (a freedwoman) v. The State.

## SALLIE (A FREEDWOMAN) *vs.* THE STATE.

[INDICTMENT FOR LARCENY FROM DWELLING-HOUSE.]

1. *Larceny of bank-bills and treasury-notes.*—In this State, bank-bills and United States treasury-notes may be the subject of larceny.
2. *Sufficiency of indictment in description of stolen bills and notes.*—"One ten-dollar treasury-note of the United States, usually called a green-back, and one ten-dollar national-bank-bill, usually called a green-back," is a sufficient description, in an indictment, of the subject of the larceny.

From the Circuit Court of Tuskaloosa.
Tried before the Hon. WM. S. MUDD.

THE indictment in this case, which was found on the 4th day of December, 1865, contained but a single count, which charged that the prisoner, "Sallie, a freedwoman of color, feloniously took, and carried away, from a dwelling-house, one silver coin of the empire of France, called a five-franc piece, three silver coins of the United States, called half-dollars, one ten-dollar treasury-note of the United States, usually called a green-back, and one ten-dollar national-

bank-bill, usually called a green-back, the property of Toney Smith, a freedman, of the value of more than twenty dollars." The defendant demurred to the indictment; but the record does not show what causes of demurrer, if any, were assigned. The court overruled the demurrer, and the defendant then pleaded not guilty. The jury returned a verdict of guilty, and the court sentenced the defendant to imprisonment in the penitentiary for five years. There is no bill of exceptions in the record, and the cause is brought up by writ of error.

Wm. R. Smith, for the prisoner.
Jno. W. A. Sanford, Attorney-General, contra.

A. J. WALKER, C. J.—The indictment in this case is for the larceny from a dwelling house of several kinds of money; and among them are mentioned "one ten-dollar treasury-note of the United States, usually called a green-back, and one ten-dollar national-bank-bill, usually called a greenback." We entertain no doubt that bank-bills, or treasury-notes, are the subject of larceny in this State. The question was substantially so decided by this court, on general principles, in the case of Corbett v. The State, 31 Ala. 329. See, also, Code, § 2, subdivision 3.

[2.] The description of the bank-bill and the treasury-note was sufficient. It is settled law that, in indictments for stealing bank-notes, they may be described eo nomine; and there is no reason for a distinction between treasury-notes and bank-notes.—State v. Williams, 19 Ala. 15.

The other points made in behalf of the appellant have been adjudged adversely to her in several cases during the present term.

The judgment of the court below must be affirmed, for we can find no error in the record.