# Gady *v.* The State.

## Indictment for Embezzlement.

1. *Error cured by amended transcript.*—An assignment of error, based on an apparent defect in the transcript, which is cured by the return to a *certiorari*, avails nothing.

2. *Sentence to hard labor for costs.*—A sentence to hard labor on non-payment of costs, "for such period, not exceeding eight months, at a rate of not less than thirty cents per day," as may be necessary to pay the costs, is sufficiently certain and definite, when it afterwards recites the amount of the costs, and specifies the number of days for which hard labor is adjudged.

3. *Sufficiency of indictment; averment and proof of value of money stolen or embezzled.*—When the indictment alleges the embezzlement (or larceny) of "eighty dollars in money, consisting of ten-dollar bills and twenty-dollar bills, currency of the United States of America, a more particular description of which is unknown to the grand jury," no averment or proof as to the value of the money is necessary, since the court judicially knows that such bills are, as matter of law, worth their face value.

4. *Variance in description of money.*—Under such an indictment, if the evidence shows that the money embezzled (or stolen) consisted of "greenbacks," without any other description, there is no variance.

5. *Evidence identifying money embezzled (or stolen); to what witness*

[Gady v. The State.]

*may testify.*—The prosecutor, who could neither read nor write, being unable to describe particularly the money deposited by him with the defendant, may testify that a national bank note, exhibited to him on the trial, "looked like it."

FROM the Criminal Court of Jefferson.

Tried before the Hon. S. E. GREENE.

The indictment in this case charged, in a single count, that the defendant, Ada Gady, "did embezzle, or fraudulently convert to her own use, or fraudulently secrete with intent to convert to her own use, eighty dollars in money, consisting of ten-dollar bills and twenty-dollar bills, currency of the United States of America, a more particular description of which money is unknown to the grand jury; which said money was deposited with the said Ada Gady by Charlie Reed, the property of said Charlie Reed, of the value of eighty dollars, and which the said Ada Gady received as the bailee of the said Charlie Reed." A trial was had on issue joined on the plea of not guilty, which resulted in a verdict of guilty as charged, the value of the money embezzled being assessed at $60. A motion in arrest of judgment was made, on the ground that the indictment "charges no offense—is too uncertain in the description of the money alleged to have been embezzled;" which motion was overruled.

"On the trial," as the bill of exceptions states, "the testimony for the State tended to prove that, about two months before the finding of the indictment in this case, Charles Reed, the prosecutor in this case, gave to the defendant seventy dollars in money, to be safely kept by her, and to be returned to him when demanded; that this occurred in said county of Jefferson; that the defendant returned but ten dollars of said money to said Reed, and had never paid the balance, though he had often demanded it, but had embezzled the same. Said Reed, the witness, could neither read nor write, did not know what kind of money he had delivered to the defendant, and could not tell the jury whether it was French or Spanish money, or currency of the United States of America. The solicitor handed the witness a ten-dollar bill, which he stated was a national bank bill of the United States, and asked the witness if it looked like the money he gave the defendant; and the witness answered, that it looked like the money he delivered to the defendant." To this question and answer, each, the defendant duly objected and excepted. "The defendant, then being examined as a witness, stated that she got sixty dollars in greenbacks from said

[Gady v. The State.]

Reed. This was, substantially, all the evidence in the case. The defendant thereupon asked the court to charge the jury, that they must find a verdict of not guilty, if they believed the evidence." The court refused this charge, and the defendant excepted.

W. J. CAHALAN, for the appellant, cited Code, §§ 4753, 4811; *Coleman v. State*, 55 Ala. 174; *Wesley v. State*, 61 Ala. 282; *Duvall v. State*, 63 Ala. 12.

THOS. N. MCCLELLAN, Attorney-General, for the State.

SOMERVILLE, J.—1. The amended return, made in response to the *certiorari* issued from this court, shows that the grand jury was regularly organized and impanelled, in accordance with the requirements of the statute. This obviates the objection in this particular, based on the original imperfect record, conceding that the objection was well founded.

2. The judgment of the court sentencing the defendant to hard labor to satisfy the costs was perfectly certain, the number of days of imprisonment being specified, as well as the amount of the costs. In this respect it was more full and definite than the judgment of sentence in *Hill v. State*, 78 Ala. 1, and other cases there cited.

3. The indictment was good without averring that the money alleged to have been stolen was of any particular value. It being averred to be "currency of the United States of America," the court judicially knows that the bills, as matter of law, were *prima facie* of a commercial value equal to that imported by their face. This obviated the necessity of either allegation or proof of such value.—*Sands v. State*, 80 Ala. 201; Wharton's Crim. Pl. & Pr. (8th Ed.), §§ 216, 218; *Duvall v. State*, 63 Ala. 12; *Grant v. State*, 55 Ala. 201.

4. The evidence tended to show that the money alleged to have been stolen was "greenbacks," and this was no variance from the description given in the indictment.—*Levy v. State*, 79 Ala. 259; *Duvall v. State*, 63 Ala. 12.

5. The testimony of the witness Reed, that the money stolen from him "looked like" the ten-dollar bill exhibited by the solicitor to him, in presence of the jury, was relevant, as a mode of identification. As the witness could neither read nor write, he could testify to nothing more satisfactory than mere appearance or resemblance. The weight of such

[Dreyfus v. State.]

testimony was for the jury to determine. This testimony was competent, whether the bill exhibited was proved to be United States currency or not.

6. The evidence tended to prove the defendant's guilt, as charged in the indictment; and this fact authorized the re-fusal of the general charge asked in behalf of the defendant.

The judgment of conviction is affirmed.


