# Carden *v.* The State.

### *Indictment for Grand Larceny.*

1. *Sufficiency of indictment; description of money.*—In an indictment for larceny, the articles stolen being described as "one ten-dollar bill, and one five-dollar bill, in money of the United States of America, of the value of fifteen dollars, the personal property of T. P.," this is sufficiently certain and definite without more; and an additional averment, that a more particular description is to the grand jury unknown, may be rejected as surplusage.

FROM the Criminal Court of Jefferson.

Tried before the Hon. S. E. GREENE.

The indictment in this case charged that the defendant, Henry Carden, "feloniously took and carried away, from the person of Tom Powell, one ten-dollar bill, and one five-dollar bill, in money of the United States of America, a more particular description of which is to the grand jury unknown, the same being of the value of fifteen dollars, and the personal property of said Tom Powell." The bill of exceptions states that the defendant demurred to the indictment, and that his demurrer was overruled; but the judgment-entry only recites that the trial was on issue joined on the plea of not guilty. On the trial, Powell having testified to the loss of his money, and stated circumstances tending to criminate the defendant, added: "Both of the bills were *green-backs.* I know that fact, and have known it all the time." Defendant's counsel then asked the witness, "What did you tell the grand jury about it?" The court sustained an objection to this question, and the defendant excepted. The defendant also requested several charges to the jury, based on the assumption that the grand jury knew, or by due diligence might have known, a more particular description of the money; and he excepted to the refusal of these charges.

VOL. LXXXIX.

[Toole v. The State.]

WM. L. MARTIN, Attorney-General, for the State.

CLOPTON, J.—When the larceny charged is of bills intended to circulate as money, the description may be general; and an indictment which describes them by kind, denomination and value, is sufficient. The indictment charges defendant with having feloniously taken and carried away, "from the person of Tom Powell, one ten-dollar bill, and one five-dollar bill, in the money of the United States of America," of the value of fifteen dollars. This description designates bills circulating as money by authority of the General Government, and, *ex vi termini*, the kind or species of currency—national paper currency. It identifies the things stolen, and shows them to be subjects of larceny. The kind, denomination and value are sufficiently averred. *Sallie v. State*, 39 Ala. 691; *Grant v. State*, 55 Ala. 201; *Levy v. State*, 79 Ala. 259.

The description in the indictment being sufficient, whether a more particular description was to the grand jury unknown, becomes an immaterial inquiry. Such an averment in an indictment, sufficiently describing the things stolen, must be regarded surplusage. The court did not err in the refusals to charge as requested by defendant, nor in the rulings on the admissibility of evidence.

Affirmed.