# James *et al. v.* The State.

*Indictment for Robbery.*

1. *Examination of an accomplice; hearsay evidence.*—Where an accomplice in the commission of a crime has pleaded guilty and is being examined as a witness on the trial of his co-conspirators, it is error to permit the solicitor to prove a conversation between him and such witness which was had in the absence of the defendants, and without their knowledge; such evidence being clearly hearsay and its admission prejudicial to defendants.

[James *et al.* v. The State.]

2. *Evidence; corroboration of witness by proof of similar statements to others, improper.*—A witness can not corroborate his testimony by proving that he made statements to others similar to those testified to by him.

3. *Alibi; argumentative and misleading charge.*—A charge is properly refused as being both argumentative and misleading, which instructs a jury that "Proof tending to establish an *alibi*, though not clear, may nevertheless, with other facts of the case, raise doubt enough to produce an acquittal. A reasonable doubt of the defendant's presence at the time and place necessary for the commission of the crime, would necessarily raise a reasonable doubt of their commission of the crime."

3. *Indictment; facts known to grand jury; fatal variance.*—When a fact or name is known to a grand jury, an indictment pertaining or referring thereto should not aver that such fact or name was unknown; and if it appears on the trial under an indictment averring a material fact or name unknown, that such fact or name was known to the grand jury, there is established a fatal variance between the averments of the indictment and the proof, and there can not be rendered a valid judgment of conviction under the indictment.

4. *Same; same; case at bar.*—Where an indictment for robbery avers that the defendants feloniously took "four one hundred dollar bills of the lawful currency of the United States of America, a further description of which is to the grand jury unknown," and on the trial it is shown that there was given to the grand jury by a witness examined before it a proper and definite description of the money alleged to have been taken, and that, as a matter of fact the description of the money was not unknown to the grand jury, there is established a fatal variance between the averments of the indictment and the proof, which precludes the conviction of the defendants thereunder.

APPEAL from the Circuit Court of Bibb.

Tried before the Hon. JOHN MOORE.

The appellants were indicted, tried and convicted of robbery. The facts pertaining to the rulings of the trial court upon the evidence are sufficiently stated in the opinion.

The defendants set up the defense of an *alibi,* which their evidence tended to prove.

Among the charges requested by the defendants, to the refusal to give each of which they separately excepted, were the following: (2.) "Proof tending to establish an *alibi,* though not clear, may nevertheless with other facts of the case, raise doubt enough to produce an acquittal. A reasonable doubt of the defendant's presence at the time and place necessary for the com-

[James *et al.* v. The State.]

mission of the crime, would necessarily raise a reasonable doubt of their commission of the crime." (8.) "If the jury believe from the evidence that the grand jury, which found the indictment under which the defendants are here prosecuted, knew when it found said indictment the full and correct description of the four one hundred dollar bills said to have been taken, the defendants cannot be convicted under this indictment." (9.) "If the jury believe from the evidence that the grand jury, which found the indictment on which the defendants are here tried, knew at the time it found said indictment a further description of the bills which the defendants are charged with taking, than is stated in said indictment, the defendants can not be convicted under this indictment." (10.) "If the jury believe from the evidence that the grand jury, at the time it found this indictment, knew that the four one hundred dollar bills said to have been taken consisted of one United States Silver Certificate and three United States Gold Certificates, they cannot convict the defendant under this indictment."

H. A. JONES and ELLISON & THOMPSON, for appellants.

WILLIAM C. FITTS, Attorney-General, for the State.

PER CURIAM.—The appellants were indicted and convicted of robbery. On the trial one James Bowling, who had pleaded guilty and was not on trial at the time, was examined as a witness for the State. The evidence of this witness tended to show the guilt of the defendants, and that he was an accomplice in the commission of the offense. Against the objection of the defendants, the solicitor was permitted to prove a conversation between him and the witness, had in the absence of the defendants and without their knowledge. This was purely hearsay evidence and its admission clearly erroneous and detrimental to defendants.

The court also erred in allowing the State to prove that the witness Bob Smitherman had made previous statements to others similar to these testified to by him as a witness. A witness cannot corroborate his testimony by showing that he had made similar statements to others.—*Green v. The State*, 96 Ala. 29, 32; *McKelton v. The State*, 86 Ala. 594.

[James *et al.* v. The State.]

It may be that the principle of law intended to be asserted in charge numbered 2, requested by the defendants, is correct; but as framed, the charge is argumentative, and calculated to mislead, and the court did not err in its refusal.

The indictment avers that the defendants feloniously took " four one hundred dollar bills of the lawful currency of the United States of America, a further description of which is to the grand jury unknown," etc. The indictment on its face was sufficient and not subject to demurrer.—*Leonard v. The State, ante,* p. 80. On the trial there was evidence tending to show, that the witness before the grand jury gave a proper and definite description of the money alleged to have been taken, and that in point of fact, its description was not " unknown " to the grand jury, as averred in the indictment. The rule is stated as follows : " When a fact or name is known or proved to the grand jury, there is no warrant in the law for averring such fact or name is unknown. * * * When it appears on the trial that the fact or name was known, a conviction on such indictment should not be allowed." " It becomes a question of variance between averment and proof." *Winter v. The State,* 90 Ala. 637 ; *Duval & Pelham v. State,* 63 Ala. 18 ; *Wells v. The State,* 88 Ala. 239.

An indictment can be easily framed so as to avoid all difficulty which might arise, on the question of a variance, by making proper averments in different counts of the indictment.

The law has been so often declared with reference to an *alibi* we deem it unnecessary to do more than refer to some of the recent decisions.—*Henson v. The State,* 112 Ala. 41 ; *Towns v. The State,* 111 Ala. 1 ; *Albritton v. The State,* 94 Ala. 76.

What has been said, shows that the case must be reversed, and we deem it unnecessary to consider in detail all the assignments of error, many of which are purely technical.

Reversed and remanded.