[Thomas, *et al.* v. The State.]

# Thomas *et al. v.* The State.

*Indictment for Robbery.*

1. *Robbery; sufficiency of description of money in indictment.*—In an indictment for robbery, where the article alleged to have been taken is described as "one ten dollar bill, one two dollar bill and a one dollar bill, all of said bills being paper money of the currency of the United States of America," there is a sufficient description of the money as to identity and as to value, and such an indictment is not subject to demurrer for failure to more definitely describe the money.

APPEAL from the City Court of Mobile.

Tried before the Hon. O. J. SEMMES.

The appellants were tried and convicted under the following indictment: "The grand jury of said county charge that before the finding of this indictment Henry Thomas, *alias* Henry Thomason and Gertrude Tolliver, feloniously took one ten dollar bill, one two dollar bill, and a one dollar bill, all of said bills being paper money of the currency of the United States of America, the property of Frank Milner, from his person and against his will by violence to his person, or by putting him in such fear as unwillingly to part with the same, against the peace and dignity of the State of Alabama." To this indictment the defendants demurred upon the following grounds: "1. That it fails to allege that said articles alleged to have been taken, or either of them, by defendants, are of any value. 2. That it fails to allege that said paper bills or any of them, are of any value. 3. That it fails to sufficiently describe the said paper bills alleged to have been taken by defendants, in this, that said bills are merely described as a ten dollar bill, a two dollar bill and a one dollar bill, being paper money of the currency of the United States of America, and fails to allege the kind or character of said bills. 4. That it fails to sufficiently describe said paper bills. 5. That it fails to allege that said bills were National Bank bills, or any other particular kind or character of bills." The demurrer was overruled, and the defendants excepted.

[Walker v. The State.]

Upon the return of a verdict of guilty, the defendants moved the court in arrest of judgment and to set aside the verdict of the jury, upon the same grounds as constituted the grounds of demurrer to the indictment. This motion was overruled, and the defendants duly excepted.

WINFIELD S. LEWIS, for appellant, cited *Carr v. State*, 104 Ala. 4; *Owens v. State, Ib.* 18; *Carden v. State*, 89 Ala. 130; *Burney v. State*, 87 Ala. 80; *Gady v. State*, 83 Ala. 51; *Levy v. State*, 79 Ala. 259; *Grant v. State*, 55 Ala. 201.

WILLIAM C. FITTS, Attorney-General, for the State, cited *Carden v. State*, 89 Ala. 150; *Sallie v. State*, 39 Ala. 691; *Grant v. State*, 55 Ala. 201; *Levy v. State*, 79 Ala. 259; *Thompson v. State*, 106 Ala. 73.

McCLELLAN, J.—We regard it as settled by the decisions of this court that the description of property alleged to have been taken and carried away as "one ten dollar bill, one two dollar bill and a one dollar bill, all of said bills being paper money of the currency of the United States of America," is entirely sufficient in and of itself both as to identity and as to value.—*Thompson v. State*, 106 Ala. 67; *Carden v. State*, 89 Ala. 130; *Levy v. State*, 79 Ala. 259; *Grant v. State*, 55 Ala. 201; *Sallie v. State*, 39 Ala. 691.

Affirmed.

