# Turner *v.* The State.

*Indictment for Grand Larceny.*

1. *Greenbacks show their interchangeable commercial value on their face.*—In an indictment for larceny which charges the taking of "one hundred and seventy dollars in paper currency of the United States of America commonly called greenbacks," the expression of value is sufficiently shown—this species of currency being judicially known to be of interchangeable commercial value equal to that imported by its face.

2. *The taking of money when not embezzlement.*—The mere fact that a person is employed by another, and has access at times to the safe where the employer deposited his money, did not divest the employer of its possession, and consequently would not change the offense of taking such money to embezzlement.

4. *Contradiction of a witness; not his impeachment.*—The fact that the defendant's testimony in some respect does not agree with a witness for the State does not show an attempt at his impeachment on the part of the State, and does not authorize the defendant to prove his character for veracity.

5. *Occurrences between third parties not admissible against defendant; when.*—A defendant should not be prejudiced by the conduct of others when he was not present and there is no evidence of a conspiracy; hence what may have been done and said by or between the mother of the defendant and the sheriff in the absence of the defendant should not be admitted against him.

6. *Stolen property; recent possession of when admissible against defendant.*—The principle which admits for the prosecution evidence of the recent possession of stolen property by one accused of larceny, has no application without evidence tending to identify the subject of such possession with the subject of the theft.

7. *Possession of money by defendant; when no proof that he stole*

*the money lost.*—While there may be cases involving the theft of money, where suspicious conduct of the accused in the acquisition or handling of money not identified as the money alleged to have been stolen, may be shown as a criminative circumstance, it does not follow that because the defendant had no money at the time of the theft certain small amounts which he had several months later were not acquired honestly in the intervening time.

8. *Charge; properly refused to defendant.*—A charge is properly refused to defendant which instructs the jury to acquit the defendant upon any theory that another than the defendant may have committed the act, however abstract, speculative or unreasonable the theory may be, so it be reconcilable with the evidence.

9. *Same; what should be given to defendant.*—A charge should be given to the defendant in a criminal case which asserts that "if there is generated in the minds of the jury by the evidence in the case, or any part of the same, after a consideration of the whole of such evidence, a well founded doubt of the defendant's guilt, then the jury must acquit him."

APPEAL from Lowndes Circuit Court.

Tried before Hon. A. A. EVANS.

Scott Turner was indicted for stealing money consisting of greenbacks and silver, the property of James Bolling. The defendant demurred to the indictment, because the value of the paper-currency was not alleged, because it failed to allege the person from whom the property was stolen or the place whence it was taken, because it failed to allege the owner of the property stolen. The evidence tended to show that while the defendant was forbidden to go to the safe by Bolling, who was his employer, yet he did on several occasion go into the safe; that defendant had charge of the store room in which the safe was situated, and all that was in it, including the safe; that the money alleged to be stolen was taken from the safe; that defendant at the time of the theft had no money and no income except the small salary paid him by Bolling; that some time after the theft the defendant made several visits to Montgomery where his mother lived; that on one occasion he was seen with ten dollars, and on another occasion he sent word to his mother to send him ten dollars. There was other evidence which need not be set out. The defendant re-

[Turner v. The State.]

·quested several charges, No. 1 of which asked an acquittal if the jury could reconcile the evidence with the theory that some other person may have done the act. Charge 3 by the defendant is as follows: "If there is generated in the minds of the jury by the evidence in this case or any part of the same, after a consideration of the whole of such evidence, a well founded doubt of defendant's guilt, then the jury must acquit him."

Chas. A. Whitten and Evans Hinson, for appellant. (1). Demurrers should have been sustained.—Whart. Crim. Law, § 362; *Stinson's Case,* 4 Zabr. (N. J.) 9. (2). Court erred in the admission and rejection of evidence. *Owen v. State,* 74 Ala. 401; *Tolbert v. State,* 87 Ala. 27; *Dodd v. State,* 92 Ala. 61; *Riley v. State,* 88 Ala. 193; *Brinkley v. State,* 89 Ala. 34; *Funderberg v. State,* 100 Ala. 36; *Morgan v. State,* 88 Ala. 223. (3). Court erred in refusing charges.—*Forney v. State,* 98 Ala. 19; *Hurd v. State,* 94 Ala. 100. (3). Court erred in pronouncing judgment on the verdict.—*Huffman v. State,* 89 Ala. 33.

Chas. G. Brown, Attorney-General, for the State. (1). Demurrer well taken.—*Brown v. State,* 25 So. Rep. 182; 117 Ala. 84; 88 Ala. 51. (2). Charge 1 argumentative.—*Rogers v. State,* 22 So. Reep. 66; *Walker's Case,* 117 Ala. 42; *Bone's Case,* 117 Ala. 138. (3). As to charge 3, see *Nicholson's Case,* 117 Ala. 32. (4). The offense was larceny.—*Washington v. State,* 106 Ala. 58; 107 Ala. 154.

SHARPE, J.—The term "paper currency of the United States of America, commonly called greenbacks" designates notes or bills circulating by authority of the general government as money. In that class, both United States Treasury notes and those issued for circulation by national banks are included.—*Grant v. State,* 55 Ala. 201. These species of currency are judicially known to be of interchangeable commercial value equal to that imported by their face.—*Duvall v. State,* 63 Ala. 12; *Gady v. State,* 88 Ala. 51. Assisted by common knowledge the averment in the indictment of the amount in dollars of such currency was in itself an expression

of value and it was unnecessary to aver it otherwise. *Thomas v. State,* 117 Ala. 84; *Gady's case, supra.*

By a fair construction of the indictment its averment of ownership in James Bolling is referable both to the mentioned paper currency and coin. The alleged value of the property being in excess of twenty-five dollars the offense charged was under the statute grand larceny without regard to the place of its commission.

The indictment was not subject to the demurrer.

It did not appear that the money came into the possession of defendant as the agent of Bolling. The mere fact that he was employed by Bolling in the store and had access at times to the safe where Bolling had deposited the money did not divest Bolling of its possession and consequently would not change the offense if one was committed to embezzlement.—*Holbrook v. State,* 107 Ala. 154; *Washington v. State,* 106 Ala. 58.

The fact that the defendant's testimony in some respects did not agree with that of the State's witness Bolling did not show an attempt at his impeachment on the part of the State and there having been no such attempt he was not privileged to prove his character for veracity. *Funderberg v. State,* 100 Ala. 36; *Morgan v. State,* 88 Ala. 223.

We are of the opinion however that much admitted as evidence for the State and covered by the exceptions was incompetent. In this category is all that to which objection was made relating to the defendant's visits to Montgomery several months after the theft, his having ten dollars there on one occasion, his fortnightly visits to his mother, his request sent her for ten dollars and the fact that more than six months after the theft she had between thirty and forty dollars, most of which defendant had left with her, and likewise what was done and said by or between her and the sheriff. As to the latter the defendant ought not to have been prejudiced by the conduct of others when he was not present and there was no evidence of conspiracy.

The principle which admits for the prosecution evidence of the recent possession of stolen property by one accused of larceny has no application without evidence tending to identify the subject of such possession with

the subject of the theft. In the present case, barring Bolling's expression of an opinion, which was incompetent and should have been excluded, there was a total absence of evidence tending to show that the money the defendant had was any part of that taken from Bolling's safe.

There may be cases involving the theft of money where suspicious conduct of the accused in the acquisition or handling of money not so identified, may be shown as a criminative circumstance, but this is not shown to be such a case. If it be true as testified by Bolling that defendant had no money at the time of the theft it does not follow that the amount he had several months later was not acquired honestly in the intervening time. No reasonable inference to the contrary can be drawn from the facts herein pointed out as objectionable.

. Charge 1 requested by defendant appears to have been copied from the opinion rendered in *Ex parte Acree,* 63 Ala. 234. The case is not authority for charging the jury in the language used. As an instruction to the jury it is calculated to mislead them to acquit upon any theory that another may have committed the act, however abstract, speculative or unreasonable the theory, so that it be reconcilable with the evidence, which they were not authorized to do.

Charge 3 asserts a correct proposition and should have been given.—*Forney v. State,* 98 Ala. 19; *Hurd v. State,* 94 Ala. 100.

The matters pertaining to the drawing of jurors relied on as grounds for the motion in arrest of judgment do not appear of record and therefore were not available to sustain the motion.—3 Brick. Dig., § § 311, 312.

For the errors mentioned the judgment will be reversed and the cause remanded for another trial.