### YOUNG v. STATE. (7 Div. 20.)

(Court of Appeals of Alabama. July 22, 1924. Rehearing Denied Aug. 19, 1924.)

1. Larceny ⬤⟿40(8)—Proof of money stolen held not variance from indictment.

Proof of theft of $100 in greenbacks, $30 of which was in $5 bills, was no variance from indictment charging larceny of "$100 in United States currency, the exact description of which is to the grand jury unknown."

2. Larceny ⬤⟿43—Testimony of prosecuting witness that he lost some money prior to indictment held competent, as tending to prove corpus delicti.

In prosecution for larceny of $100, it was relevant for state to prove by prosecuting witness that he lost or missed $100 at time prior to indictment, as tending to prove corpus delicti.

3. Indictment and information ⬤⟿184—Where indictment alleges description of money unknown, there is variance if grand jury did know description.

Where indictment alleges description of money as being unknown to grand jury, conviction cannot be sustained where proof shows that description was in fact known to grand jury, as that would be variance, but there was no variance, simply because one of witnesses before grand jury knew description.

4. Witnesses ⬤⟿383—Offer of proof of contradictory statements as to particular subject held attempt to impeach on immaterial matter.

In larceny prosecution, offer of proof that state's witness had made affidavit that he had made whisky, and later denied it, was attempt to impeach him on immaterial matter.

5. Criminal law ⬤⟿1170(4)—Error in sustaining objection to evidence rendered harmless by subsequent testimony.

Error in sustaining state's objection to question was rendered harmless where same witness later testified to matter.

6. Criminal law ⬤⟿829(1)—Refusal of requested covered charge not error.

Refusal of requested charge covered by court's oral charge was not error.

7. Criminal law ⬤⟿815(9) — Request held properly refused as limiting jury to consideration of part of evidence.

Requested instruction "that if any one of the facts necessary to show the guilt of the defendant is consistent with his innocence, then jury must acquit him," was properly refused as limiting jury to part of evidence.

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**8. Criminal law ☞759(1) — Refused charge held invasive of province of jury.**

Requested charge, that as matter of law no presumption arises from evidence from testimony of S. that defendant had any connection with crime charged, was properly refused as invasive of province of jury.

**9. Criminal law ☞776(7)—Charge held properly refused as argumentative.**

Requested charge that, even though jury believed from evidence that defendant's character is not good, it would have no right to convict on that ground, was properly refused as argumentative.

**10. Criminal law ☞811(2)—Refused charge held to give undue prominence to part of evidence.**

Refused charge that if jury believed that defendant was on road taking S. and R. home at time, as testified to by certain witnesses, they should acquit, gave undue prominence to part of evidence.

**11. Criminal law ☞811(5)—Charge as to effect of testimony of certain witnesses held properly refused as giving undue prominence to part of evidence.**

Requested charge that, if jury believed testimony of certain witnesses beyond reasonable doubt, it should acquit defendant was properly refused as giving undue prominence to part of evidence.

Appeal from Circuit Court, Clay County; E. S. Lyman, Judge.

Howard Young was convicted of grand larceny, and he appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Young, 211 Ala. 614, 101 South. 470.

These charges were refused to defendant:

"(2) The court charges the jury as a matter of law that no presumption arises from the evidence from the testimony of Simmie Triplett that the defendant had any connection with the crime charged in the indictment in this case against the defendant."

"(8) The court instructs the jury that if any one of the facts necessary to show the guilt of the defendant is consistent with his innocence then the jury must acquit him."

"(12) If the jury believe from the evidence in this case beyond all reasonable doubt that the defendant was on the road taking Simmie Triplett and Ruby Triplett home at the time, as testified to by the witnesses McMichael, Hill, and Cook, you should acquit the defendant.

"(13) If the jury believe the evidence of witnesses McMichael, Cook, and Hill, beyond a reasonable doubt, you should acquit the defendant.

"(14) Even though the jury believe from the evidence in this case that the defendant's character is not good, you would have no right to convict on that ground."

Walter S. Smith, of Lineville, for appellant.

It is necessary to prove the taking of money as laid in the indictment. 31 C. J.

850; Taylor v. State, 130 Ind. 66, 29 N. E. 415. If the description of the currency stolen was known to the grand jury, the indictment should contain the description. Leonard v. State, 115 Ala. 80, 22 South. 564. Defendant's cross-examination of state's witness Triplett should have been permitted. Amos v. State, 96 Ala. 120, 11 South. 424; Harbin v. State, 19 Ala. App. 623, 99 South. 744; Tate v. State, 86 Ala. 33, 5 South. 575. Defendant was entitled to the general charge. Burton v. Brooks, 25 Ark. 215; Wesley v. State, 61 Ala. 287; Rowe v. State, 19 Ala., App. 602, 99 South. 748. Charges 8 and 14 should have been given. Simmons v. State, 158 Ala. 8, 48 South. 606; Walker v. State, 153 Ala. 31, 45 South. 640; People v. Wells, 112 Mich. 648, 71 N. W. 176; State v. Selby, 73 Or. 378, 144 Pac. 657; Huff v. State, 104 Ga. 521, 30 S. E. 808; 16 C. J. 982; Green v. State, 124 Ga. 343, 52 S. E. 431.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J. [1, 2] The indictment charges the larceny of "$100 in United States currency, the exact description of which is to the grand jury unknown." The proof tended to show the theft of $100 in greenbacks, $30 of which was in five dollar bills. This was no variance. Turner's Case, 124 Ala. 59, 27 South. 272; Gady's Case, 83 Ala. 51, 3 South. 429; Duvall's Case, 63 Ala. 12. It was relevant and legal for the state to prove by the witness Noah Knowles that he lost (or missed) some money from his place at a time prior to the indictment, and the answer that, "I lost $100.00," was competent, as tending to prove the corpus delicti.

[3] It is a recognized rule of law that, where an indictment alleges the description of money as being unknown, to the grand jury, a conviction cannot be sustained, where the proof shows that the description was in fact known to the grand jury. This would be a variance entitling defendant to an acquittal under such indictment. James v. State, 115 Ala. 83, 22 South. 565. But the fact that one of the witnesses, who appeared before the grand jury, knew the description of the money, would not be relevant. The question would be, Did he so inform the grand jury? The defendant's counsel informed the court that he expected the witness to testify that, at the time he was before the grand jury, witness knew the description. The objection of the state was properly sustained.

[4] The fact, if it be a fact, that state's witness Triplett had made an affidavit that he and two others, naming them, had made whisky, and later denied it, was an attempt to impeach Triplett on an immaterial matter,

and if the court erred in sustaining the state's objection on the specific ground that there was higher evidence of the fact, such error was without injury to the defendant.

As to whether Howard Young could have heard a conversation between Gus Young and state's witness A. Knowles, inside the jail, could not affect defendant's case, as the conversation referred to related entirely to Gus, and not to defendant.

There was sufficient evidence upon which to base a verdict of guilty, and therefore the court did not err in overruling defendant's motion to exclude the evidence.

[5] If there was error in sustaining the state's objection to a question propounded to the defendant's witness McMichael, "Was Gus Young there from the time you got there until he left to take them home?" The error was immediately rendered harmless by the testimony of the same witness, when he said: "He (Gus) did not leave home from the time I got there until he left to take the Tripletts home, I was with him."

[6-11] Refused charge 5 is covered by the court's oral charge. Refused charge 8 limits the jury to a consideration of a part of the evidence. Refused charge 1 is the general charge and has already been disposed of. Refused charge 2 is invasive of the province of the jury. Refused charge 14 is argumentative. Refused charges 12 and 13 give undue prominence to a part of the evidence.

Moreover every principle of law when correctly stated in the written charges refused to defendant, were covered in the court's oral charge to the jury.

The motion for a new trial was properly overruled. We find no error in the record, and the judgment is affirmed.

Affirmed.