266 So.2d 802

In re Tommy William SANDERS, Alias

v.

STATE of Alabama.

Ex parte STATE of Alabama ex rel. ATTORNEY GENERAL.

6 Div. 959.

Supreme Court of Alabama.

Aug. 10, 1972.

No brief from respondent.

MERRILL, Justice.

Defendant Sanders was convicted of robbery and sentenced to ten years. He appealed to the Court of Criminal Appeals and the judgment was reversed, 48 Ala.App. 589, 266 So.2d 797. The State petitioned for a writ of certiorari on the ground that the decision of the Court of Criminal Appeals was in conflict with a prior decision of this court on the same point of law. We grant the writ.

There was ample evidence from the victim, Smith T. Murphy, and two passers-by that two men, Jasper Hall and Melvin Pye, grabbed Murphy, overpowered him, stabbed him several times as he was wrestled to the ground, and one of them took Murphy's billfold, containing five dollars and some personal papers, from his pocket. The question as to the defendant was whether he aided and abetted Hall and Pye by sitting on Murphy's feet shortly before the billfold was taken.

The only point before us is that on which the judgment was reversed, namely, that the trial court erred in refusing to give Charge I, which follows:

"The Court instructs the jury that if you believe the evidence in this case that Smith Thomas Murphy testified before

William J. Baxley, Atty. Gen., and Don C. Dickert, Asst. Atty. Gen., for petitioner.

the Grand Jury that the money consisted of one Five ($5.00) Dollar Bill, then such denomination of the United States Currency was known to the Grand Jury and after considering all the evidence in the case, you believe this to be true, then the Indictment returned by the Grand Jury will not sustain a conviction and your verdict should be 'not guilty.' "

We quote from the opinion of the Court of Criminal Appeals:

"In this case, the State's witness Murphy, the alleged victim of the robbery, testified first on cross-examination that he told the Grand Jury he was robbed of a five dollar bill and later when recalled on direct examination he testified that he told the Grand Jury it was five dollars. Therefore, a question of fact was presented as to whether the Grand Jury knew the exact denomination of the bill or bills alleged to have been taken from Murphy.

"The indictment in this case contains the allegations, 'Tommy William Sanders, alias Tommy William Sanders, Jr., feloniously took Five Dollars of the lawful currency of the United States of America, a more particular description of which is to the Grand Jury otherwise unknown . . .'

\* \* \* \* \* \*

"The testimony of the State's witness was the only testimony with regard to whether or not the grand jury knew the denomination of currency allegedly taken from the State's witness Murphy.

"Under the testimony of Murphy the question of whether the Grand Jury knew the particular description of the currency being a question of fact, the question of whether there was a variance between the allegation of the indictment and proof was a question of fact and it was error for the court to refuse Charge I.

"The question of a variance in the case at bar could not be properly raised by a motion to exclude the evidence or the affirmative charge.

"For the error indicated in the refusal of the court to give Charge I for the appellant, the judgment in this cause is reversed and the cause remanded."

In Edwards v. State, 49 Ala. 334, this court, speaking through Brickell, J., said:

"It is certainly true, that an indictment for obtaining money, or other thing of value, under false pretences, should aver with reasonable certainty the thing obtained, and that the evidence should correspond substantially with the averment. In this indictment the allegation is, that the appellant obtained 'five hundred dollars in money of the currency of the United States;' and the evidence offered was, that he obtained five hundred dollars in 'National Bank notes.' It is strenuously urged by the counsel of appellant, that this evidence does not satisfy, and is variant from the allegation. The rule, as stated by Archbold, is: 'If the indictment state an obtaining of "money," the allegation, so far as regards the description of the property, shall be sustained by proof of any amount of coin, or of any bank note, although the particular species of coin of which such amount was composed, or the particular nature of the bank note, shall not be proved.' 3 Archbold's Cr.Pl. 471, 472. Applying this rule, there was no variance between the evidence and allegation, and the evidence satisfied the indictment."

In Carden v. State, 89 Ala. 130, 7 So. 801, the defendant "requested several charges to be given to the jury, based on the assumption that the grand jury knew, or by due diligence might have known, a more particular description of the money." This court, Colpton, J., writing, said (and we quote the entire opinion) :

"When the larceny charged is of bills, intended to circulate as money, the description may be general; and an indict-

ment which describes them by kind, denomination, and value is sufficient. The indictment charges defendant with having feloniously taken and carried away, 'from the person of Tom Powell, one ten-dollar bill and one five-dollar bill, in the money of the United States of America,' of the value of $15. This description designates bills circulating as money by authority of the General Government, and, *ex vi termini,* the kind or species of currency—national paper currency. It identifies the things stolen, and shows them to be subjects of larceny. The kind, denomination and value are sufficiently averred. Sallie v. State, 39 Ala. 691; Grant v. State, 55 Ala. 201; Levy v. State, 79 Ala. 259.

"The description in the indictment being sufficient, whether a more particular description was to the grand jury unknown becomes an immaterial inquiry. Such an averment in an indictment, sufficiently describing the things stolen, must be regarded surplusage. The court did not err in the refusals to charge as requested by defendant, nor in the rulings on the admissibility of evidence.

"Affirmed."

■ Under these two cases, the indictment in the instant case was sufficient, and the phrase "a more particular description of which is to the Grand Jury otherwise unknown" was surplusage, and the court did not err in refusing the requested charges.

■ Viewed from another angle, the only evidence before the court as to what was told the grand jury about the description of the money taken from his person came from Murphy, as stated in the opinion under consideration. Murphy "testified first on cross-examination that he told the Grand Jury he was robbed of a five dollar bill and later when recalled on direct examination he testified that he told the Grand Jury it was five dollars." If he told the same story to the grand jury that he told before the petit jury then "a more particular description of which" (the five dollars) was unknown to the grand jury.

Three cases are cited in support of the holding on this point in the opinion of the Court of Criminal Appeals. We treat them as they appear in that opinion.

In Young v. State, 20 Ala.App. 219, 101 So. 469, the opening paragraph of the opinion begins:

"The indictment charges the larceny of '$100 in United States currency, the exact description of which is to the grand jury unknown.' The proof tended to show the theft of $100 in greenbacks, $30 of which was in five dollar bills. This was no variance. Turner's Case [Turner v. State], 124 Ala. 59, 27 So. 272; Gady's Case [Gady v. State], 83 Ala. 51, 3 So. 429; Duvall's Case [Duvall v. State], 63 Ala. 12. * * *,"

and the judgment of conviction was affirmed.

James v. State, 115 Ala. 83, 22 So. 565, was cited in *Young,* supra, and it is authority for the statement quoted from the *Young* case. But it cannot be said in the instant case that "the proof shows that the description (of the money) was in fact known to the grand jury," and so neither *Young* nor *James* is apt authority under the facts of the instant case.

In the last case cited in the opinion, DeFranze v. State, 46 Ala.App. 283, 241 So.2d 125, the indictment charged that appellant "feloniously took thirty-three dollars in greenbacks, the exact denominations of which are unknown to the Grand Jury, all lawful currency of the United States of America, of the value of thirty-three dollars." *Young* and *James,* supra, are cited in support of the same proposition already discussed, but we think additional quotations from *DeFranze* will clarify the situation:

"At the close of the State's case, the defense, out of the presence of the jury,

made a motion to exclude the State's evidence based on this alleged variance and the court recalled Mrs. Harris to clarify the point. The following occurred:

" 'Q. Do you recall definitely whether you told the Grand Jury the exact denominations of this money?

" 'A At the Grand Jury I said I *thought* it was a twenty, a ten, and three ones.' (Emphasis added.)

(Next is the quoted proposition from *Young* and *James*)

\*   \*   \*   \*   \*   \*

"The question is not whether Mrs. Harris knew the exact denominations of the bills, but whether she so informed the grand jury. We are not prepared to hold on this record that the grand jury is fact knew the exact denominations of the money taken."

The judgment was affirmed.

In Gayden v. State, 38 Ala.App. 39, 80 So.2d 495, we read:

"An indictment should be sufficiently specific in its averments in four prime aspects to afford this guaranty: (1) To identify the accusation or charge lest the accused should be tried for an offense different from that intended by the grand jury. (2) To enable the defendant to prepare for his defense. (3) That the judgment may inure to his subsequent protection and foreclose the possibility of being twice put in jeopardy for the same offense. (4) To enable the court, after conviction, to pronounce judgment on the record.

"This protection which the law furnishes to one charged with crime has not been relaxed or relented by our courts throughout its history."

We think the indictment at bar meets each of these requirements.

Title 15, § 231, Code 1940, provides:

"An indictment must not be held insufficient, nor can the trial, judgment, or other proceedings thereon, be affected by reason of any defect or imperfection in any matter of form which does not prejudice the substantial rights of the defendant on the trial."

As we read the opinion of the Court of Criminal Appeals and the cases cited in support of it, it seems to be indicated that if the words "a more particular description of which is to the Grand Jury otherwise unknown" had been omitted from the indictment the case would not require reversal. This appears to be a matter of form which did not prejudice the substantial rights of the defendant in this particular case. We think the reversal of conviction here is the result of the application of a super-technicality where no prejudice was actually involved.

To further show lack of prejudice, this court has held that "In robbery the amount of money or the value of the property taken is immaterial." Wilson v. State, 268 Ala. 86, 105 So.2d 66 [6]. *Wilson,* supra, and Richardson v. State, 237 Ala. 11, 186 So. 580, are authority for the principle that where testimony on the trial of a robbery charge as to the amount of money taken is not in accordance with the allegations of the indictment, such a variance is not fatal and is immaterial. Therefore, if the variance in the allegations in the indictment and the proof in a trial for robbery is immaterial and not fatal, by analogy, there was no fatal variance in the instant case.

The judgment of the Court of Criminal Appeals is reversed and the cause is remanded to that Court.

Reversed and remanded.

HEFLIN, C. J., and HARWOOD, BLOODWORTH, MADDOX, McCALL and SOMERVILLE, JJ., concur.

COLEMAN, J., dissents.