The defendant was indicted and convicted for robbery. Sentence was ten years' imprisonment with one year to be served and nine years to be spent on probation.
 I
Initially the defendant contends that the evidence is insufficient to support a conviction for robbery and would only authorize a conviction for grand larceny. We disagree.
We need not detail all the testimony presented at trial. Hattie Cook testified that the defendant came to her car, got in and "said this was a robbery."
 "And told me to give him my money — I didn't have but five. He told me my money or my life. And I went to the bank and I got some more money out."
Although Mrs. Cook never saw any weapon, the defendant kept his hand in his pocket. Mrs. Cook testified that the defendant threatened her life and that she was scared, "real scared." She "took his words for it, that he had a gun." Mrs. Cook testified that the defendant "said he had a gun. All I was supposed to do was obey him." She handed the defendant her money when the defendant "pointed that object (in his pocket)" at her and told her that he wanted the money.
Testimony of the victim alone may be sufficient to establish a prima facie case of robbery. Arnold v. State, 348 So.2d 1092
(Ala.Cr.App.), cert. denied, 348 So.2d 1097 (Ala. 1977). We find that the evidence in this case is sufficient to support the verdict. Pollard v. State, 358 So.2d 778 (Ala.Cr.App.), cert. denied, Ex parte Pollard, 358 So.2d 782 (Ala. 1978).
To constitute robbery, it is not necessary for the robber to use actual physical force against his victim.
 "In robbery, the force or intimidation employed is the gist of the offense. The manner of taking is in the alternative; if force or violence is used, fear is not an essential ingredient. Conversely, if fear is used, there need be no violence." Baker v. State, 344 So.2d 547, 549 (Ala.Cr.App. 1977).
Mrs. Cook testified that the defendant "snatched" the money which she had gotten at the bank out of her hand. Generally, mere snatching is not robbery unless there is some concurrent intimidation or violence.
 "While it may be true, that mere taking unawares, or sudden snatching a thing from the hand of another is not robbery, if the snatching be accompanied with violence, or such demonstrations or threats as to create a reasonable apprehension of bodily injury, or creates resistance however slight, the offense is committed." Evans v. State, 80 Ala. 4, 7 (1885).
However, when the defendant "snatched" the $300.00 out of Mrs. Cook's hand at the airport, he had already robbed her of five dollars before they went to the bank. When the testimony at trial as to the amount stolen does not coincide with the amount alleged in the indictment, such a variance is immaterial and is not fatal. Sanders v. State, 289 Ala. 224, 266 So.2d 802
(1972); Wilson v. State, 268 Ala. 86, 105 So.2d 66 (1958).
 II
The defendant contends that his rights under Miranda v.Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), were violated when law enforcement officers continued to question him after he refused to sign a waiver of rights form. The record does not support this contention.
After being advised of his Miranda rights, the defendant simply refused to sign a waiver of rights form. The defendant did not at any time refuse to talk to the officers but just refused to sign the form. The officers kept talking to the defendant after his refusal to sign.
Sergeant Joe Roberson testified that the defendant did not refuse to talk but that he "wouldn't make any confessions or *Page 1094 
anything like that toward the crime. But he talked to us freely about everything from his education on and the lack of ours." During the course of the interrogation, the only thing the defendant said was that "he was an intelligent man, he could beat this. He wasn't worried about it." Sergeant Roberson stated that the defendant said that "he was too smart for us, had better education than we did, that he knew how to get out of it."
The defendant contends that once he refused to sign the waiver of rights form all questioning should have ceased. In this case it does not appear that the defendant was attempting to exercise his Miranda rights by refusing to sign a written form but was simply refusing to sign.
A finding of voluntariness may be made even where a suspect refuses to sign a waiver of rights form. Houston v. State,56 Ala. App. 295, 321 So.2d 261 (1975). There is no set pattern for the manner of waiving constitutional rights. Lloyd v. State,45 Ala. App. 178, 227 So.2d 809 (1969); Arnold v. State,348 So.2d 1092 (Ala.Cr.App.), cert. denied, 348 So.2d 1097 (Ala. 1977).
 III
The defendant also contends that the prosecutor made four prejudicial remarks in his closing argument to the jury which constitute reversible error.
 A.
In argument the prosecutor stated that Officer Hunt "doesn't work patrol, he doesn't investigate cases, and does not as a rule make felony arrests." Defense counsel objected to this statement on the ground that it was not supported by the evidence. However, Officer Oscar Albert Hunt testified that he was a Birmingham Police Officer assigned to the airport. His duties were primarily to fly the helicopter. As a rule he did not work in a patrol division: "Sometimes when we are grounded they will send us downtown to work, but most of the time we work at the airport or out front writing parking tickets." Thus the prosecutor's argument was a reasonable inference from the evidence. McQueen v. State, 355 So.2d 407 (Ala.Cr.App. 1978). Additionally, the trial court instructed the jury to "rely on the evidence."
 B.
The prosecutor made an analogy between the defendant's case and one involving narcotics. We find no proper objection to the prosecutor's remarks contained in the record.
 "MR. TURBERVILLE (Defense Counsel): Your Honor, this is —
 "MR. SULLIVAN (Assistant District Attorney): I am making an analogy just like Mr. Turberville, Your Honor.
"MR. TURBERVILLE: Dealing in narcotics —
"THE COURT: All right."
Because there was no specific objection (although it is clear that defense counsel was attempting to state something), because there was no adverse ruling, Shelby v. State,340 So.2d 847, 848 (Ala.Cr.App.), cert. denied, 340 So.2d 849 (Ala. 1976), and because of the prosecutor's comment indicating that he was responding in kind, we find no error in the record. The trial judge was in the best position to determine the propriety of the prosecutor's remark and the record contains no clear showing that he abused his discretion in this matter.
 C.
The prosecutor's reference to what defendant describes in brief as "a highly publicized, unsolved robbery murder "does not constitute reversible error because the trial judge sustained the objection of defense counsel who requested no further relief. Again the defendant simply has no adverse ruling upon which to ground his basis for error. Van Antwerp v.State, 358 So.2d 782, 790 (Ala.Cr.App.), cert. denied,358 So.2d 791 (Ala. 1978).
 D.
Finally, the defendant argues that the prosecutor commented on the defendant's failure to testify. From the record: *Page 1095 
 "MR. SULLIVAN: In his opening statement, Mr. Turberville got up here and told us that the evidence was going to show that the defendant knew the victim, that she went with him willingly out there, and that when they went to that bank they had a common purpose and plan for the money. I haven't seen any of that, Ladies and Gentlemen. The only purpose and the only plan I have seen, has been this man right over here, to steal that lady's money."
"MR. TURBERVILLE: I object to that, Your Honor.
 "MR. SULLIVAN: Now, where has there been any evidence —
"THE COURT: Overruled.
 "MR. TURBERVILLE: Your Honor, I object, he is getting into the fact that the defendant did not take the stand, which he did not have to do.
 "MR. SULLIVAN: No. I am getting into the statement that the defense attorney made in the opening statement.
"THE COURT: Overruled."
We do not consider the prosecutor's remarks to have violated Alabama Code Section 12-21-220 (1975) prohibiting a prosecutor's comment on a defendant's failure to testify. The prosecutor's remark is more properly considered as a comment on the failure of the defense to produce witnesses and as a reply to the argument of defense counsel. Hanners v. State, 147 Ala. 27,41 So. 973 (1906).
We have searched the record for error prejudicial to the defendant and found none. The judgment of the Circuit Court is affirmed.
AFFIRMED.
All Judges concur.