BOWEN, Judge.
The defendant was convicted for robbery in the first degree. Sentence was ten years’ imprisonment. Two issues are presented on appeal.
I
The principle is well established that “where testimony on the trial of a robbery charge as to the amount of money taken is not in accordance with the allegations of the indictment, such a variance is not fatal and is immaterial.” Sanders v. State, 289 Ala. 224, 228, 266 So.2d 802 (1972).
II
The defendant argues that the trial judge erred in denying his right to apply for youthful offender status and in summarily denying his application for treatment as a youthful offender.
The judgment entry of the trial court accurately reflects the relevant facts in this matter.
“This the 24th day of February, 1982, at the conclusion of arguments, the Court broached the subject of defendant’s age. Subject being 20 years old at the time of crime November 3, 1980. The defendant by and through his attorney of record, Gene Zeidman, applies for Youthful Offender Status. The defendant has one conviction under the Youthful Offender Act in 1979, and therefore, the application being duly considered by the Court, it is ordered, adjudged and decreed by the Court that said application for Youthful Offender be and the same is hereby denied. Defendant’s date of birth is 9-26-60.”
The record shows that the trial judge actually considered whether the defendant *5 should be given treatment as a youthful offender even though it was after the close of the evidence and the parties had concluded their final arguments. A formal hearing was not required. The fact that the defendant had a prior conviction under the Youthful Offender Act afforded an ample basis for denying youthful offender treatment. The denial was not arbitrary and cannot be considered an abuse of discretion. Prince v. State, 392 So.2d 853 (Ala.Cr.App.), cert. denied, 392 So.2d 857 (Ala.1980); Morgan v. State, 363 So.2d 1013 (Ala.Cr.App.1978).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.