# Yancy *v.* The State.

*Indictment for using Obscene Language in Presence of Female.*

1. *Organization of grand jury; supplying deficiency of original venire.* —When twelve of the persons originally summoned as grand jurors appear and are accepted by the court, there is no error in requiring the sheriff to summon twelve other persons for the completion of the jury (Code, § 4754), although a grand jury may be composed of only fifteen persons; nor is it error to direct the summons of "good and lawful citizens from the body of the people of the county, who possess the qualifications specified in the statutes of Alabama in such case made and provided," instead of using the exact words of the statute, "qualified citizens of the county."

2.   *Using insulting language, &c., in presence of females; sufficiency of indict-ment, and constituents of offense.*—In an indictment for using insulting, abusive, or vulgar language in the presence of females (Code, § 4203), it is not neces-sary to set out the words used by the accused; nor is it necessary to prove, on the trial, that the words were heard by the females present.

From the Circuit Court of Dallas.

Tried before the Hon. Geo. H. Craig.

The record in this case sets out the original *venire* of persons summoned as grand jurors, eighteen in number, of whom sixteen appeared; and the minute-entry recites that four of those appearing were excused by the court, "leaving the panel of grand jurors numbering only twelve persons; and thereupon the court ordered the sheriff of Dallas county to summon twelve good and lawful citizens from the body of the people of said county, who possess the qualifications specified in the statutes of Alabama in such case made and provided." It further shows that, of the twelve persons thus summoned, six were regularly drawn, who were added to the twelve original jurors, and the grand jury was organized with these eighteen persons.

The indictment contained two counts: the first count charging that the defendant, "Emily Yancy, *alias* Emily Pitts, entered upon the curtilage of the dwelling-house of Laura Stollenwerck, and in the presence of Hasty Stollenwerck, a female, made use of abusive, insulting, or vulgar language"; and the second, that the words were spoken in the presence of Emily Shevers. There was a demurrer to the indictment, on what grounds does not appear by the record; and the demurrer being overruled, the defendant pleaded not guilty. On the trial, as the bill of exceptions states, Laura Stollenwerck was introduced as a witness by the State, and testified that, in November, 1879, the defendant came into her yard, and, in the presence of Hasty Stollenwerck, her daughter, called her "a whore," and "a bitch." Miss Shevers, another witness for the State, testified that she was at the house of Laura Stollenwerck on the occasion mentioned, and heard the defendant use the words as stated by the first witness, and that Hasty Stollenwerck was present at the time. "This was all the testimony in the case"; and the defendant thereupon asked the court to charge the jury as follows: 1. "If the jury believe the evidence, they must find the defendant not guilty." 2. "The jury can not, in the absence of Hasty Stollenwerck, know that she heard the words alleged to have been used; and therefore the defendant must be acquitted." These charges, which were in writing, were refused by the court, and the defendant excepted to their refusal.

SATTERFIELD & YOUNG, for the defendant.

H. C. TOMPKINS, Attorney-General, for the State.

BRICKELL, C. J.—The grand jury were impanelled in conformity to the statute.—Code of 1876, § 4754. The number of the original *venire* not appearing, or appearing and being excused, reduced the number of jurors below fifteen; and the court properly ordered the sheriff to summon a sufficient number of persons to complete the grand jury—that is, to make it of not less than fifteen, nor more than eighteen. Ordering the summons of *"good and lawful citizens, possessing the qualifications specified in the statutes of Alabama, in such cases made and provided,"* is equivalent to an order to summon the jurors from the *qualified citizens of the county*—the persons possessing the requisite qualifications of jurors.

2. The indictment pursues the words of the statute, and is sufficient. It was not necessary to set out the abusive, insulting or vulgar language, spoken by the accused. Nor was it necessary that it should be shown that it was heard by the female averred to have been present when it was spoken. It is the fact of presence, subject to insult if the language is heard, which is of the essence of the offense.—Code of 1876, § 4203; *Ivey v. State*, 61 Ala. 58.

We find no error in the record, and the judgment is affirmed.