# McVay v. The State.

*Indictment for Using Abusive, Insulting or Obscene Language in the Presence of Females.*

1. *Code 1886, § 4031; construction of.*—The first clause of section 4031 of the Code of 1886 (prohibiting the use of abusive, insulting or obscene language in certain cases) was intended to protect the home, and the use of the language prohibited by the statute in the presence or hearing of the family, without reference to the sex of such member, would be a violation of the statute; the second clause of the statute makes the use of such language in the presence of any female,

[McVay v. The State.]

without reference to the place in which it is used, a violation of the law.

2. *Same; conviction of one offense under the statute on an indictment charging the other only.*—Under an indictment charging only one of the offenses created by section 4031 of the Code, a conviction may be had on proof which shows the commission of the offense covered, also, by a different provision of the statute from that on which the indictment is based.

3. *Evidence; opinion.*—On a trial under an indictment based on section 4031 of the Code of 1886, it is not error for the court to permit the prosecution, against the objection of the defendant, to ask a witness, who was present and heard the language used by the defendant near the dwelling house of the defendant, "if from the distance his females were from the defendant at the time of the cursing could they have heard the language used"—nor to permit the answer of the witness "It was a still night and, in my opinion, they could have heard it," go to the jury.

4. *Same; when proof that prohibited language was heard by a female is necessary.*—Where an indictment under said section charges the use of abusive, insulting or obscene language in the presence or hearing of a female, and the uncontradicted testimony shows that no female was present, it must be shown in order to authorize a conviction, that the prohibited words were heard by a female.—(*Yancey v. State*, 63 Ala. 141, distinguished.)

APPEAL from the County Court of Lawrence.

Tried before the Hon. J. C. KUMPE.

The defendant was tried and convicted under an indictment which charged "that before the finding of this indictment Sterling McVay did, in the presence or hearing of a woman, make use of abusive, insulting or obscene language, &c.

The testimony showed that the defendant, within the period covered by this indictment, and in Lawrence county, in the presence of one Whitman and others used abusive language near the dwelling of said Whitman where the latters wife and daughter were at the time. That this was about 8 o'clock p. m., and the defendant spoke in a "moderate or audible voice." None of the females were present when the words were spoken but were in the house about twenty-five or thirty yards from the defendant. While the said Whitman was being examined for the prosecution the solicitor asked him "if from the distance his females were from the defendant at the time of the cursing, could they have heard the language used." The defendant objected to the question and his objection being overruled he duly excepted. The witness then answered, "It was a still night and, in my opinion, they could have heard it." The defendant objected to the answer of the witness on the ground that it was the statement of an opinion and not of a fact. The court overruled the objection and the defendant duly excepted. This

[McVay v. The State.]

being in substance all the testimony, the court at the request of the solicitor gave the following charge: "I charge you gentlemen of the jury that if you believe from the evidence in this cause that Mrs. Whitman was near enough to hear the abusive, insulting or obscene language used, it is not necessary to show that she did actually hear it." To the giving of this charge the defendant duly excepted. The defendant then requested the court in writing to give the following charge: "If the jury believe the evidence they must find the defendant not guilty." The court refused to give this charge, and to such refusal the defendant duly excepted.

Wm. L. Martin, Attorney-General, for the State.—The solicitor asked the witness whether, from the distance his females were from the defendant at the time of the cursing, they could have heard the language used. This is but one form of inquiring of the witness whether the females were near enough to hear the language imputed to the defendant. Such testimony is admissible:—*Cox v. State,* 76 Ala. 66. The answer was that it was a still night, and in the opinion of the witness they could have heard the language. It can not matter that the witness used the expression "in his opinion." A statement that another person was in hearing distance would in any case partake somewhat of the character of opinion evidence; yet no one would contend that such evidence is for that reason inadmissible.

The charge given at the instance of the State correctly instructed the jury that if the females were near enough to hear the abusive, insulting or obscene language used by the defendant, it was not necessary to show that they did actually hear it.—*Yancy v. State,* 63 Ala. 141, 143.

COLEMAN, J.—The defendant was indicted and convicted under section 4031 of the Criminal Code, which reads as follows: "Any person, who enters into or goes sufficiently near to the dwelling house of another, and in the presence or hearing of the family of the occupant thereof, or any member of his family, or any person, who in the presence or hearing of any female, uses abusive, insulting, or obscene language, must on conviction," &c. The first clause of the statute was intended to protect the home, and the use of the language prohibited by the statute in the presence or hearing of the family or the occupant thereof, or any member of the family, without reference to the sex of such member, would be a violation of the statute. The statute then makes the use of such language in the presence of "any female"

[McVay v. The State.]

without reference to the place, in which it is used, a violation of law. The indictment simply charges that the defendant made use of the language, in the presence of a female. The witness Whitman testified to the use of the language by the defendant. He says "none of the female members of my family were present. They were in my house twenty-five or thirty yards from where the cursing was going on. My wife and one daughter was in the house." There was no evidence tending to show that the language used was in the presence or hearing of any other females or female. The defendant asked for the general affirmative charge which was refused. It is very clear that if the defendant had been indicted under the first provision of the statute, for going sufficiently near the dwelling house of the witness and making use of such language in the presence or hearing of the family or any member of his family, the charges should have been refused. The question presented by the charge is, whether a party indicted under one provision of the statute, can be convicted by proof which shows that the offense was covered also by a different provision? The case is not different from those which arise, where the same act constitutes a violation of two or more statutes. A party may play at cards on Sunday, in a public place, and hazard money or a thing of value, on the game. Such an act would violate three distinct statutes of this State, that which prohibits playing cards on Sunday, and the statute which prohibits the playing of cards at a public place, and also the statute which makes it an offense to bet or hazard money at a public place. &c.—Cr. Code, §§ 4045, 4052, 4057. The same principle is illustrated in the law against retailing and violating the revenue law, and selling whiskey to a minor. A conviction for the act charged under either statute is a bar to a prosecution for the same act under a different statute. It was so held in the case of *O'Brien v. The State*, 91 Ala. 25.

There was no error in refusing the general charge for the defendant. Against the objection of the defendant the solicitor was permitted to ask the witness "that if from the distance his females were from the defendant at the time of the cursing, could they have heard the language used?" To this question the witness answered, "It was a still night, *and in my opinion* they could have heard it."

In the case of *Cox v. The State*, 76 Ala. 66, under a similar indictment the witness was asked, "were you present and near enough to see and hear what transpired between the parties?" This court held that it was a proper question and should have been answered. If a party can answer that

8

he was near enough to hear a declaration, we can not see why he may not answer whether or not a third person was near enough to hear. Adding the words "in my opinion" does not vary the principle. He knew the circumstances, the distance the parties were apart, heard the tone of voice, observed the stillness of the night, and could answer as a fact, that in his judgment, the females could have heard it. The words "in my opinion" were evidently used in this sense.

The court charged the jury, "that if Mrs. Whitman was near enough to hear the abusive and insulting or obscene language used, it is not necessary to show that she did actually hear it." We think this charge should not have been given. To authorize a conviction the language must be used "in the presence or hearing of a female." The uncontradicted evidence is, that no females were present. It was therefore necessary to satisfy the jury that the words were heard. This is the distinction between this case and the case of Yancey, 63 Ala. 141. In the latter case, the evidence showed the presence of the female. It was therefore unnecessary to introduce proof that she heard it. The case must be reversed for error in giving the charge excepted to.

Reversed and remanded.