# Johnson *v.* The State.

*Sending Letter Tending to Provoke a Breach of the Peace.*

(Decided July 2, 1907. 44 South. 670.)

1. *Indictment; Sending Threatening Letter; Sufficiency.*—An indictment under Sec. 4307, Code 1896, which alleges that the defendant sent to P. a threatening and abusive letter, setting out the letter in haec verba, which might tend to provoke a breach of the peace, was not defective, and subject to demurrer for the use of the words "which might tend to provoke a breach of the peace, as referring to the future, such words being not only descriptive of the probable result of the sending of the letter, but of the character and quality of the letter.

2. *Same.*—A count in an indictment is not defective for a failure to set out the letter sent, when drawn under Sec. 4307, Code 1896.

3. *Trial; Instructions; Requisites for Request.*—A charge requested in writing by the defendant which asserts no proposition of law is properly refused.

4. *Trial; Remarks of Counsel; Objections.*—Where no objection was made to remarks of counsel, and no ruling of the trial court was invoked thereon, advantage to reversal cannot be taken thereof on appeal.

[Johnson v. The State.]

APPEAL from Shelby Circuit Court.

Heard before Hon. A. H. ALSTON.

Wiley T. Johnson was convicted of sending a threatening letter tending to provoke a breach of the peace, and he appeals. Affirmed.

SAM WILL JOHN, for appellant.—The first count in the indictment was subject to the demurrer interposed thereto.—*Sykes v. The State,* 67 Ala. 70. Demurrer should have been sustained to the second count.—*Langford v. The State,* 45 Ala. 26.

ALEXANDER M. GARBER, Attorney General ,and H. BURR, Solicitor, for State.—The object of an indictment is to so state the offense charged as not to leave any doubt to a person of common understanding as to the meaning of the indictment and what is intended thereby.—*Grant v. The State,* 55 Ala. 207; Section 4985, Code 1896; Section 4896, Code 1896. In drawing an indictment under a statute creating the offense, it is sufficient and is the better practice to follow the exact words of the statute. —*Holley v. The State,* 54 Ala. 238. The indictment in this case both follows the exact wording of the statute (section 4307 of the Code of Alabama of 1896) and also sets up every material ingredient of the offense.

TYSON, C. J.—The defendant was indicted, tried, and convicted for a violation of section 4307 of the Criminal Code of 1896. That section reads as follows: "Any person who sends to another a threatening or abusive letter which may tend to provoke a breach of the peace must be punished," etc. The indictment contains two counts, and was perferred on the 3d day of April, 1907. The first charges that defendant, before the finding of the indictment, sent to John Pelham a threatening or abusive letter, which is set out in hæc verba, which may

tend to provoke a breach of the peace. The second is in the same language, omitting the contents of the letter.

Objection was taken to both counts by demurrer, raising the point that the words, "which may tend to provoke a breach of the peace," refer to the future, and not to the past, and therefore no offense is charged; that they necessarily or impliedly have reference to a period of time subsequent to the preferring of the indictment, and not antecedent thereto. The first count shows the date of the letter to be January 12, 1906. The words, "which may tend to provoke a breach of the peace," as used in the statute, are not only descriptive of what may result in the future from the sending of the letter, but which in fact may never happen, but of the character or quality of the letter. It is clear that if a breach of the peace does not actually ensue, yet if the language of the letter has any tendency towards provoking it, and is abusive or threatening, the offense is complete. In short, the words under consideration, used in the indictment, being those employed by the statute as descriptive of the character or quality of the letter, are entirely sufficient. It will hardly be doubted that the jury would be authorized to find that the letter possessed all the characteristics denounced by the statute.

Additional objection was taken to the second count, because the letter is not set out. This count pursues the language of the statute, and is sufficient. In *Yancy v. State,* 63 Ala. 141, the indictment charged the offense of using abusive, insulting, or vulgar language in the presence of a named female, in violation of section 4203 of the Code of 1876. There was not at that time a prescribed form for the indictment. The point seems to have been made, as here, that the language used was not set out in the indictment. This court said: "The indictment pursues the words of the statute, and is suffi-

[Worthy v. The State.]

cient. It was not necessary to set out the abusive, insulting, or vulgar language spoken by the accused." Again, in *Weaver v. State,* 97 Ala. 279, the indictment was for the offense of using abusive, insulting, or obscene language in the presence or within the hearing of the occupants of a certain named dwelling house, etc., in violation of the act of March 1, 1881, which was amendatory of section 4203 of the Code of 1876. The point was again presented. This court, in response thereto, disposed of it in these words: "The indictment pursues the language of the statute, and is sufficient.—Sess. Acts 1880-81, p. 30; *Yancy v. State,* 63 Ala. 141." We regard these cases as decisive of the point under consideration.

The written charge requested by defendant asserted no proposition of law and was therefore properly refused. If the defendant perceived that his cause was being prejudiced by improper remarks of the prosecuting attorney to the jury, he should have objected to them, and invoked the ruling of the court upon his objection.

Affirmed.

HARALSON, DOWDELL, and DENSON, JJ., concur.