# Peters *v.* The State.

*Sending Threatening or Abusive Letter.*

(Decided Jan. 20, 1910. Rehearing denied Feb. 26, 1910. 51 South. 952.)

1. *Breach of the Peace; Abusive Letter.*—A letter is abusive within section 6218, Code 1907, which is offensive and which charges the sendee with degredation of character or moral obliquity; such as a letter calling the attention of the sendee to an unpaid bill, and stating that if he knew how contemptible he appeared in the matter that he would pay the bill at once, and that if he did not pay in a short time, the sender would proceed to some method to collect it, concluding, "I know how worthless and contemptible you are, but this is news to you."

2. *Same; Pleading and Proof; Variance.*—Where the indictment charged the sending of a threatening or abusive letter to one C., the conviction may be sustained under section 6218, Code 1907, by proof

that it was sent to C. & Co., together with additional proof that C. did business under the name of C. & Co.

3. *Same.*—An indictment under section 6288, Code 1907, is sufficient if it charges the sending of a threatening letter, which tended to provoke a breach of the peace.

4. *Indictment and Information; Demurrer.*—Where one count in an indictment is good, a demurrer to the entire indictment is properly overruled.

5. *Attorney and Client; Privileged Communication; Letters.*—A letter sent by a lawyer in an effort to collect an account due his client if violative of section 6218, Code 1907, is not such a privileged communication as to relieve him of the penalty prescribed by such section.

APPEAL from Tallapoosa Circuit Court.

Heard before Hon. S. L. BREWER.

Matthew Peters was convicted under Code 1907, § 6218, for sending a letter, and appeals. Affirmed.

The letter referred to is as follows: "Alexander City, Ala., 4-1-99. In re Eclipse Paint & Mfg. Co. v. W. M. Conine & Co. $37.50. Messrs. W. M. Conine & Co.— Dear Sirs: I wish to call your attention to the above matter and to remind you that it is unpaid. If you knew how contemptible you appear in this matter, you would pay this bill at once. If you do not pay this bill in a short time, I shall have to proceed in some other way to collect it. I know how worthless and contemptible you are, but this is news to you. Yours very truly, M. Peters." The second plea referred to in the opinion is as follows: "That defendant is a regularly licensed lawyer under the laws of the state of Alabama, engaged in the practice of the legal profession in Tallapoosa county, Alabama, in the town of Alexander City; that he was engaged in the practice of law at the time he wrote the document the grand jury has indicted him for; that he held a bill for collection amounting to $37.50 for the Eclipse Paint & Manufacturing Company, engaged in the manufacturing and sale of paint; that the documents indicted for are duns sent or mailed W.

[Peters v. The State.]

M. Conine & Co. at Camp Hill, Ala., in an effort to collect said bill for the Eclipse Paint & Manufacturing Company."

W. M. LACKEY, JOHN R. TYSON, and JOHN PETERS, for appellant. The indictment contained four counts and only the 4th pursues the language of the statute, and this count charges that the letter was sent to Conine & Co., without charging whether it was a corporation or partnership. This is fatal to the count.—*Edmunds v. The State,* 87 Ala. 12; *Davis v. The State,* 54 Ala. 88; *Bell v. The State,* 53 Ala. 460; 36 Cal. 245; 60 Kan. 566; 82 Ill. 432; 27 Vt. 742. The counts charge that the defendant sent a threatening or abusive letter which tended to provoke a breach of the peace, which is clearly not within the language of the statute and which as clearly implied that there was a breach of the peace resulting from the sending of the letter. The letter was not such as tended to produce a breach of the peace.—3 Ency. P. & P. 678; 4 A. & E. Ency. of Law, 902. The writing does not contain a degrading charge or imputation.—*Ivey's Case,* 115 Ala. 349. There is no real distinction between criminal and civil libel.—*Bordeau v. Davis,* 58 Ala. 611; 11 A. & E. Ency. of Law, 665. The letter was a privileged communication.

ALEXANDER M. GARBER, Attorney General, for the State. The demurrer went to the entire indictment and the first count was sufficient.—*Franklin v. The State,* 40 Ala. 543; *Traylar v. The State,* 100 Ala. 143. There was no variance between the allegation and the proof. —*White v. The State,* 72 Ala. 195; *Headley v. The State,* 106 Ala. 109; *Smith v. The State,* 133 Ala. 149. There is no merit in the contention that the letter was privileged or that it was not an abusive or threatening letter.

[Peters v. The State.]

SIMPSON, J.—The appellant was indicted and convicted, under section 6218 of the Code of 1907, for sending a threatening or abusive letter which tended to provoke a breach of the peace. The first count in the indictment charged that the letter was sent to W. M. Conine, and the other three counts charged the sending of the letter to W. M. Conine & Co. The bill of exceptions shows that four letters were sent, but only one within 12 months before the finding of the indictment, which letter was addressed to W. M. Conine & Co. As to whether the language used in the letter is "abusive" within the meaning of the statute, the word "abuse" is from the Latin, "ab," from, and "utor," to use, and abuse is defined as: "To use improperly, or excessively, * * * to treat ill, use injuriously, hurt; to wrong in speech, reproach coarsely, disparage, revile, malign." And "abusive" is defied as: "Employing harsh words, or ill treatment, hurtful, harsh, vituperative scurillous, wrongly used, improper."

We hold that any language, in a letter, which is offensive, and which charges the sendee with a degradation of character, or moral obliquity, is "abusive," within the meaning of the statute. The letter of 4-1-1908 (which will be set out by the reporter) comes within the meaning of the statute, and the fact that it was sent by a lawyer in an effort to collect an account does not make it "privileged," so as to relieve the writer of the penalty prescribed by the statute. The law does not confer on a lawyer any privilege to use abusive language in attempting to collect an account. The high ideals of the profession demand of him that "sauviter in modo" which dignifies his calling and which is not inconsistant with "fortiter in re." Consequently the demurrer to plea 2 was properly sustained.

The evidence shows that W. M. Conine did business under the name of W. M. Conine & Co., and consequently W. M. Conine & Co. was W. M. Conine. Things that are equal to the same thing are equal to each other. A letter addressed to "W. M. Conine & Co." would not be delivered to any one except W. M. Conine. It is insisted that the first count in the indictment is not sufficient for a conviction under the statute, because the language of the statute is, "which may tend to provoke a breach of the peace," and said count charges that the language "tended to provoke a breach of the peace." In the case of *Johnson v. State,* 152 Ala. 46, 44 South. 670, objection was made to the indictment, and it was contended that the language of the statute implied that the abusive or threatening language used may have a tendency to provoke a breach of the peace at a time subsequent to the finding of the indictment; but the court held that the words used in the statute "are not only descriptive of what may result in the future, from the sending of the letter, but which, in fact, may never happen, but of the character or quality of the letter"; also, that, "if the language of the letter has any tendency towards provoking it, * * * the offense is complete." The indictment in the language of the statute was sufficient.— *Johnson v. State,* 152 Ala. 46, 48, 44 South. 670. It is evident that the tendency referred to in the statute relates to the time of the sending of the letter, and, while it might have tended to provoke a breach of the peace, yet the language of the present count 1, that it "tended" to provoke a breach of the peace, certainly covers the charge that it might have had that tendency, and the language of the indictment is sufficient, whether the letter did, or did not, actually produce a breach of the peace.

It results that a conviction could be had under the first count, on the proof of sending the letter to W. M.

Conine & Co. The demurrer being to the entire indict-ment, it is unnecessary to determine whether there was any error in overruling the demurrer to the other counts.—*Weems v. Weems*, 69 Ala. 104; *Ala. Nat. Bank v. Halsey*, 109 Ala. 196, 19 South. 522; *K. C., M. & B. R. & Co. v. Lackey*, 114 Ala. 152, 21 South. 444.

There was no error in the refusal to give either of the charges requested by the defendant.

The judgment of the court is affirmed.

Affirmed.

DOWDELL, C. J., and MCCLELLAN and MAYFIELD, JJ., concur.

