(101 So. 775)

YOUNG v. STATE. (7 Div. 21.)

(Court of Appeals of Alabama. Aug. 19, 1924. Rehearing Denied Oct. 7, 1924.)

1. Larceny ⚖️40(8)—Proof of money stolen held not variance from indictment.

Proof of theft of $100 in greenbacks, $30 of which was in $5 bills, was no variance from indictment charging larceny of "$100 in United States currency, the exact description of which is to the grand jury unknown."

2. Larceny ⚖️43—Testimony of prosecuting witness that he lost some money prior to indictment held competent as tending to prove corpus delicti.

In prosecution for larceny of $100, it was relevant for state to prove by prosecuting witness that he lost or missed $100 at time prior to indictment as tending to prove corpus delicti.

3. Indictment and information ⚖️184—Where indictment alleges description of money unknown, there is variance, if grand jury did know description.

Where indictment alleges description of money as being unknown to grand jury, conviction cannot be sustained, where proof shows that description was in fact known to grand jury, as that would be variance, but there was no variance simply because one of witnesses before grand jury knew description.

4. Witnesses ⚖️383—Offer of proof of contradictory statements as to particular subject held attempt to impeach on immaterial matter.

In larceny prosecution, offer of proof that state's witness had made affidavit that he had made whisky, and later denied it, was attempt to impeach him on immaterial matter.

5. Criminal law ⚖️1170(4)—Error in sustaining objection to evidence rendered harmless by subsequent testimony.

Error in sustaining state's objection to question was rendered harmless, where same witness later testified to matter.

6. Criminal law ⚖️448(2)—Whether conversation could have been heard five to seven feet away not conclusion.

Question whether conversation testified to could have been heard five to seven feet away did not call for conclusion.

7. Criminal law ⚖️1134(6)—Not reversible error to. exclude immaterial evidence on erroneous ground.

Question whether one named could have heard a conversation was immaterial, where it was not shown such person was present, and he was not a witness, and, though it was improperly objected to as calling for ·conclusion of witness, there was no reversible error in excluding it.

8. Criminal law ⚖️759(1), 811(2)—Refused charge held invasive of province of jury and to single out evidence.

Requested charge that as matter of law no presumption arises from evidence from the testimony of S. that defendant had any connection with crime charged was properly refused as singling out evidence and invading province of jury.

9. Criminal law ⚖️761(18)—Refused charge assumed witness to be accomplice.

Requested charge that defendant could not be convicted on uncorroborated testimony of S. was faulty as invading province of jury in assuming S. to be accomplice.

**10. Criminal law ⬅811(2)—Refused charge held to single out part of evidence.**

Refused charge that, if jury believed that defendant was on road taking S. and R. home at time, as testified to by certain witnesses, they should acquit was objectionable as singling out part of evidence.

**11. Criminal law ⬅811(5)—Charge as to effect of testimony of certain witnesses held properly refused as giving undue prominence to part of evidence.**

Requested charge that, if jury believed testimony of certain witnesses beyond reasonable doubt, it should acquit defendant was properly refused as singling out part of evidence.

**12. Criminal law ⬅776(7)—Charge held properly refused as argumentative.**

Requested charge that, even though jury believed from evidence that defendant's character is not good, it would have no right to convict on that ground was properly refused as argumentative.

**13. Criminal law ⬅815(7)—Requested charge improper as pretermitting consideration of corroboration of accomplice.**

Requested charge that, if jury believed S. to have been connected with the crime, defendant could not be convicted on his testimony was properly refused as pretermitting consideration of corroboration of accomplice.

Appeal from Circuit Court, Clay County; E. S. Lyman, Judge.

Gus Young was convicted of grand larceny, and he appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Gus Young, 212 Ala. 123, 101 So. 778.

These charges were refused to defendant:

"(2) The court charges the jury as a matter of law that no presumption arises from the evidence from the testimony of Simmie Triplett that the defendant had any connection with the crime charged in the indictment in this case against the defendant.

"(3) I charge you as a matter of law, gentlemen of the jury, that Gus Young, the defendant, cannot be convicted in this case on the testimony of Simmie Triplett, unless corroborated by other evidence, tending to connect the defendant with the commission of the offense charged in the indictment, and such corroborative evidence, if it merely shows the commission of the offense or the circumstances thereof, is not sufficient.

"(12) If the jury believe from the evidence in this case beyond all reasonable doubt that the defendant was on the road taking Simmie Triplett and Rubie Triplett home at the time, as testified to by the witnesses McMichael, Hill, and Cook, you should acquit the defendant.

"(13) If the jury believe the evidence of witnesses McMichael, Cook, and Hill beyond a reasonable doubt, you should acquit the defendant.

"(14) Even though the jury believe from the evidence in this case that the defendant's character is not good, you would have no right to convict on that ground.

"(15) If the jury believe from the evidence in this case that Simmie Triplett was in any way connected with the commission of said alleged offense, you could not convict the defendant on Simmie Tripplett's evidence."

Walter S. Smith, of Lineville, for appellant.

For brief, see report of Howard Young v. State, ante, p. 219, 101 So. 469.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The description of the money as alleged in the indictment is sufficient. Leonard v. State, 115 Ala. 80, 22 So. 564. The testimony showing that the money was greenbacks does not constitute a variance between the allegations and the proof. Turner v State, 124 Ala. 59, 27 So. 272. Making whisky is not a crime involving moral turpitude, and does not go to the credibility of a witness. Ex parte Marshall, 207 Ala. 566, 93 So. 471, 25 A. L. R. 338.

FOSTER, J. [1-5] This is a companion case to Howard Young v. State (7 Div. 20, Court of Appeals, decided at this term) 101 So. 469.[1] The following portions of the opinion of Samford, J., in the Howard Young Case, supra, are adopted as applicable to the instant case:

"The indictment charges the larceny of '$100 in United States currency, the exact description of which is to the grand jury unknown.' The proof tended to show the theft of $100 in greenbacks, $30 of which was in $5 dollar bills. This was no variance. Turner's Case, 124 Ala. 59, 27 South. 272; Gady's Case, 83 Ala. 51, 3 South. 429; Duvall's Case, 63 Ala. 12.

"It was relevant and legal for the state to prove by the witness Noah Knowles that he lost (or missed) some money from his place at a time prior to the indictment, and the answer that 'I lost $100.00,' was competent as tending to prove the corpus delicti.

"It is a recognized rule of law that, where an indictment alleges the description of money as being unknown to the grand jury, a conviction cannot be sustained, where the proof shows that the description was in fact known to the grand jury. This would be a variance entitling defendant to an acquittal under such indictment. James v. State, 115 Ala. 83, 22 South. 565. But the fact that one of the witnesses, who appeared before the grand jury, knew the description of the money would not be relevant. The question would be, Did he so inform the grand jury? The defendant's counsel informed the court that he expected the witness to testify that, at the time he was before the grand jury, witness knew the description. The objection of the state was properly sustained.

"The fact, if it be a fact, that state's witness Triplett had made an affidavit that he and two others, naming them, had made whisky, and later denied it, was an attempt to impeach Triplett on an immaterial matter, and, if the court erred in sustaining the state's objection on the specific ground that there was higher

evidence of the fact, such error was without injury to the defendant. * * *

"If there was error in sustaining the state's objection to a question propounded to the defendant's witness McMichael, 'Was Gus Young there from the time you got there until he left to take them home?' the error was immediately rendered harmless by the testimony of the same witness, when he said: 'He (Gus) did not leave home from the time I got there until he left to take the Tripletts home; I was with him.' "

[6, 7] A state's witness Knowles testified to a conversation in the nature of a confession between witness and the defendant in jail. The evidence of the witness Knowles was "that Howard Young was in the cage. They were both (Howard and defendant) in the cage there together. Howard was not there where we were talking, not in that apartment. I think there are two cells in that cage. * * * I cannot give any judgment as to the size of the cell. * * * Gus and I were talking low, but not whispering to each other, but we were not talking so low that no one else could hear it." Defendant asked the witness the following question. "If Howard Young was in there, five or six or seven feet from you, could he have heard it?" This question was not objectionable as calling for a conclusion of the witness (Hill v. State, 40 So. 387[2]; Rollings v. State, 136 Ala. 126, 34 So. 349; McVay v. State, 100 Ala. 110, 14 So. 862), but, being based on the manner of the utterances and the situation of the parties, called for a statement of a collective fact, and was admissible in evidence, if the defendant had offered to show by Howard Young that he was in 5, 6, or 7 feet of the witness and defendant and heard a conversation between them, and that no such statement was made by the defendant.

But Howard Young was not a witness in the case, and the defendant claimed that the witness Knowles did not go to the jail and see him or have any conversation with him. Under the defendant's theory the testimony elicited by the question was immaterial to any issue in the case, and the court did not commit reversible error in sustaining the objection. The trial court did not err in refusing the motion to exclude the evidence. There was a sharp conflict in the evidence, but it was sufficient to submit to the jury the question of guilt vel non of the defendant.

[8-13] For the reasons just given the refusal of charge 1 (the general affirmative charge for the defendant) was proper. Charge 2 was properly refused, as it singled out part of the evidence, and was invasive of the province of the jury. Charge 3 was faulty. It assumed that Simmie Triplett was an accomplice, and was invasive of the province of the jury. Charge 5 is covered by the oral charge of the court and substantially covered by given charge 4. Charge 8 is substantially covered by given charge 10, and is faulty, in that it pretermits a consideration of all the evidence. Charges 12 and 13 are faulty, in that they single out part of the evidence. Charge 14 is argumentative. Charge 15 is misleading, and pretermits the consideration of corroborating testimony, even if the jury believed from the evidence that Simmie Triplett was an accomplice.

The motion for a new trial was properly overruled.

There is no error in the record, and the judgment of the circuit court is affirmed.

Affirmed.

Harwell G. Davis, Atty. Gen., for the State.

[2] Reported in full in the Southern Reporter; not reported in full in 146 Ala. 691.