45 So.2d 175

**McCARTY v. STATE.**

I Div. 587.

Court of Appeals of Alabama.

March 7, 1950.

A. A. Carmichael, Atty. Gen., and Thos. F. Parker, Asst. Atty. Gen., for the State.

Doris Van Aller, of Mobile, for appellant.

BRICKEN, Presiding Judge.

The robbery complained of in the indictment was committed without dispute. The actual perpetrator of the crime, as admitted, was one Reed, who was also separately indicted. The evidence discloses that one A. C. Wilson was the principal actor in the crime. He conceived the plan to rob the alleged injured party and upon the suggestion and advice of one Boykin contacted said Reed in New Orleans and had him to come to Mobile for that purpose. Wilson and Boykin were also indicted and likewise admitted their guilt. The alert and efficient law officers of Mobile caught all three of these men in a very short time after the robbery, and recovered from them all of the stolen money consisting, as the evidence showed, of one fifty dollar bill, one twenty dollar bill, and thirty-four one dollar bills, making a total of one hundred and four dollars.

The robbery was committed by said Reed, unassisted, about eleven o'clock on Sat-

urday night June 26, 1948, and this trial was had on December 12th and 13th, 1948.

Upon the trial the evidence was allowed to take a wide and unusual scope. In numerous instances the evidence was erroneously admitted over the objections and exceptions of defendant as such evidence was hearsay pure and simple, and the defendant's case should not have been thus burdened.

In the case of James et al. v. State, 115 Ala. 83, 22 So. 565, 566, the court said:

"The appellants were indicted and convicted of robbery. On the trial one James Bowling, who had pleaded guilty and was not on trial at the time, was examined as a witness for the State. The evidence of this witness tended to show the guilt of the defendants, and that he was an accomplice in the commission of the offense. Against the objection of the defendants, the solicitor was permitted to prove a conversation between him and the witness, had in the absence of the defendants and without their knowledge. This was purely hearsay evidence and its admission clearly erroneous and detrimental to defendants.

"The court also erred in allowing the State to prove that the witness Bob Smitherman had made previous statements to others similar to these testified to by him as a witness. A witness cannot corroborate his testimony by showing that he had made similar statements to others. Green v. State, 96 Ala. 29, 32, 11 So. 478; McKelton v. State, 86 Ala. 594, 6 So. 301."

We need not discuss all this in detail as it would serve no good purpose, as the trial of the case otherwise was replete with error.

■ It affirmatively appears from the record that the trial court, without the consent of the defendant, permitted the jury to separate for meals and at night, pending the trial of this case which involved a capital felony. This action of the court itself, if the question was properly presented, would necessitate the reversal of the judgment of conviction from which this appeal was taken. The statute governing this proposition applies only in the circuit court in counties having a population of 140,000 or more. See Act No. 384, approved July 8, 1943, General Acts 1943, p. 358, Code 1940, Tit. 30, § 97 (1). Our Supreme Court has recently discussed and construed this act in the case of Nelson v. State of Alabama, 43 So.2d 892.

The reversal of this case, which will follow hereinbelow, is not based upon the foregoing discussion as the appellant failed to properly present the question for review. What has been said in this connection is for the information and benefit of the Bench and Bar of the State.

The indictment against defendant reads as follows: "The Grand Jury of said County charge, that, before the finding of this indictment Maggie McCarty whose name is to the Grand Jury otherwise unknown than as stated, feloniously took one hundred eleven dollars in lawful currency of the United States of America, a more particular description of which is to the Grand Jury otherwise unknown than as stated, the property of Bernard Malone, from his person and against his will, by violence to his person, or by putting him in such fear as unwillingly to part with the same, against the peace and dignity of the State of Alabama."

It will be noted that the description of the stolen money in the indictment is "one hundred and eleven dollars, in lawful currency of the United States of Ameria, *a more particular description of which is to the grand jury unknown than as stated.*"

The evidence disclosed that the arresting officers testified before the grand jury, and further, that while so testifying they had in their possession the identical stolen money recovered from the robbers at time of arrest. After thus testifying, coupled with other testimony in the case of like import, the defendant strenuously insisted that a variance between the indictment and proof existed, and undertook to make proof of said variance, but upon objection of the State, which the court sustained, the defendant was not allowed to offer this testimony, and defendant duly and legally excepted. In this connection able counsel

204

for this appellant, on this appeal, makes the following insistence: "A conviction cannot be sustained, where there is a variance in the indictment and proof, and when the Court sustained the State's objection, on the ground that it was immaterial, to defendant's question with reference to description of the money taken in the crime, said question being: 'Did you show this money to the Grand Jury?', the Court committed reversible error, and defendant's *conviction cannot be sustained*, where the indictment charged 'a more particular description of which is to the Grand Jury otherwise unknown man as stated.'"

■ The above insistence is sustained, this ruling of the court was reversible error. May v. State, 16 Ala.App. 541, 79 So. 677; Rogers v. State, 117 Ala. 192, page 195, 23 So. 82; Young v. State, 20 Ala.App. 273, 274, 101 So. 775; James v. State, 115 Ala. 83, 22 So. 565; Leonard v. State, 115 Ala. 80, 22 So. 564; Winter v. State, 90 Ala. 637, 8 So. 556; Duvall and Pelham v. State, 63 Ala. 12, 18; Wells v. State, 88 Ala. 239, 7 So. 272.

■ There was also reversible error in the ruling of the court, over the objection, exception and motion to exclude, wherein the court permitted the State to allow its witness Wilson (accomplice) to testify that the husband of this appellant had been dead for several years at the time of this trial, and that before he died he was engaged in the lottery business. This was highly prejudicial and shed no light upon the trial. This testimony was allowed to remain in this case throughout the trial and the fact that the court charged the jury, "that the question about who operated a lottery has nothing to do with this case, and you should not take it into consideration in rendering your verdict," did not and could not have cured the injury and render harmless the patent error in the admission of this testimony, as stated.

■ There was no testimony of any witness that this appellant was present at or near the scene of the crime. The only testimony trying to connect her with as-

sisting in the planning of the crime was confined to the testimony of the admitted principals, so-called accomplices. It appears from the evidence that when the three principals were apprehended and arrested, they each readily admitted their guilty participation in the commission of the robbery and in so confessing no mention was made of this appellant, and that it was after she had declined to make bond for principal Wilson, or to help him in any way, that her name was finally injected in the case by the principals, two of whom testified then that she had assisted in planning the robbery, but took no other part in it. The two witnesses referred to as having thus testified were the confessed robbers Reed and Wilson. The settled rule is, (by statute and otherwise) a conviction of felony cannot be had on the testimony of an accomplice, unless such testimony is corroborated by other evidence *tending to connect the defendant with the commission of the offense*. In this case there is no evidence tending to connect this appellant with the commission of the offense, except the statements and conduct of said witnesses Wilson and Reed.

The trial court committed reversible error by refusing to give defendant's requested charge 2. Knight v. State, 23 Ala. App. 582, 129 So. 478; Smith v. State, 165 Ala. 74, 51 So. 632; Davis v. State, 131 Ala. 10, 31 So. 569; Carroll v. State, 130 Ala. 99, 30 So. 394; Bell v. State, 115 Ala. 25, 22 So. 526; Richardson v. State, 33 Ala.App. 40, 29 So.2d 883.

There was also reversible error in the action of the court in refusing to give defendant's written charge 9. Tatum v. State, 20 Ala.App. 24, 100 So. 569; McKenzie v. State, 19 Ala.App. 319, 97 So. 155; Bryant v. State, 116 Ala. 445, 23 So. 40; Price v. State, 20 Ala.App. 201, 101 So. 300; Wilson v. State, 243 Ala. 1, 8 So.2d 422.

A further discussion is deemed unnecessary. For the errors indicated the judgment of conviction from which this appeal was taken is reversed and the cause remanded.

Reversed and remanded.